2023 IL App (1st) 221637-U

SIXTH DIVISION
December 8, 2023

No. 1-22-1637

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| MARY JANE SWEET SPOT LLC | ) | |
| | ) | Appeal from the |
| and ASHLEY MCCOY, | ) | Circuit Court of |
| | ) | Cook County |
| Plaintiffs-Appellants, | ) | |
| | ) | No. 2022 CH 01854 |
| v. | ) | |
| | ) | The Honorable |
| CITY OF BLUE ISLAND, | ) | Thaddeus Wilson, |
| | ) | Judge Presiding. |
| Defendant-Appellee. | ) | |

JUSTICE TAILOR delivered the judgment of the court.
Presiding Justice Oden Johnson and Justice Hyman concurred in the judgment.

**ORDER**

¶ 1    Held: The circuit court properly dismissed the plaintiffs' appeal of an administrative hearing officer's decision to deny their application for a business license because the plaintiffs failed to exhaust their administrative remedies.

¶ 2                                    I. BACKGROUND

¶ 3    On September 20, 2021, Mary Jane Sweet Spot LLC and Ashley McCoy (Plaintiffs) applied for a business license from the City of Blue Island (City) to operate a bakery with "theme

days." On November 12, 2021, the designee of the City Clerk sent a detailed letter to Plaintiffs, denying their business license application. The City had learned that "without a license to operate a business, or a liquor license or occupancy permit" Plaintiffs hosted a "Culture & Comedy game night" at their future business address on October 20, 2021. It noted that this "gathering of people" violated City Codes. The City had also learned that Plaintiffs were planning to host a Halloween Costume Party at their future business site, requiring a $30.00 admission fee. The flyer advertising the event said the event was BYOB, meaning "Bring your Own Booz[e]." The City pointed out that Plaintiffs' business application stated that the "primary purpose of the business was a small bakery and non-baking classes" and found that the events advertised by Plaintiffs were "not congruent to a small bakery." Based on these code violations and the fact that the purpose of Plaintiffs' business was "reasonably misstated on the application[,]" Plaintiffs' business license was denied. On November 21, 2021, Plaintiffs appealed the City's decision to deny their business license. An administrative hearing to review the City's decision was held on December 2, 2021. The hearing was continued to January 21, 2022, to receive further evidence. On January 26, 2022, the administrative hearing officer issued a written decision, recommending that the City Council uphold the denial of Plaintiffs' business license. The hearing officer sent his recommendation to Plaintiffs' counsel via email that same day.

¶ 4      On March 1, 2022, Plaintiffs' counsel filed a petition for administrative review with the circuit court. On March 2, 2022, the Clerk's Office rejected the petition because Plaintiffs failed to pay the correct amount in filing fees. In their brief, Plaintiffs acknowledge that they failed to pay an additional $10.50 charged by the Clerk for serving the petition for administrative review upon each Defendant by certified mail.  On March 3, 2022, Plaintiffs' counsel refiled the complaint for administrative review with the proper fees, and it was accepted.

¶ 5     On April 25, 2022, the City filed a motion under section 2-619 of the Civil Practice Law to dismiss Plaintiffs' petition on the basis that the court lacked subject matter jurisdiction because Plaintiffs failed to exhaust their administrative remedies pursuant to 735 ILCS 5/2-619(a)(1) (West 2022) and failed to timely appeal to the circuit court under 735 ILCS 5/3-103 (West 2022). A hearing on the motion to dismiss was scheduled for May 10, 2022, at 10 am. After Plaintiffs' counsel failed to appear, the court granted the motion to dismiss.

¶ 6     Plaintiffs filed a motion to reconsider and the motion was briefed. On October 5, 2022, after hearing arguments from the parties, the Court denied the motion. Plaintiffs timely appealed.

¶ 7                                   II. ANALYSIS

¶ 8     We review the dismissal of a complaint under section 2-619 of the Civil Practice Law (735 ILCS 5/2-619 (West 2022)) *de novo. Twyman v. Department of Employment Security,* 2017 IL App (1st) 162367, ¶ 20.  A motion to dismiss under section 2-619 "admits the legal sufficiency of the plaintiffs' complaint, but asserts an affirmative defense or other matter that avoids or defeats the plaintiffs' claim." *DeLuna v Burciaga*, 223 Ill. 2d 49, 59 (2006). In ruling on a section 2-619 motion to dismiss, we must "interpret the pleadings and supporting materials in the light most favorable to the nonmoving party." *Trzop v. Hudson,* 2015 IL App (1st) 150419, ¶ 63.

¶ 9     Here, the City based its motion to dismiss on two grounds, each of which would deprive the court of subject matter jurisdiction: (1) the Plaintiffs had failed to exhaust administrative remedies before filing their petition with the circuit court; and (2) the Plaintiffs' complaint for administrative review was untimely. 735 ILCS 5/2-619(a)(1), (a)(5) (West 2022). We begin and end with the exhaustion argument.

¶ 10 Pursuant to the Administrative Review Law (ARL), judicial review is appropriate when there is a final decision from an administrative agency. 735 ILCS 5/3-102 (West 2022). "Parties

aggrieved by the action of an administrative agency *** ordinarily cannot seek review in the courts without first pursuing all administrative remedies available to them." *Castaneda v. Illinois Human Rights Commission*, 132 Ill. 2d 304, 308 (1989); see also *Pinkston v. City of Chicago,* 2023 IL 128575, ¶ 24. Requiring parties to sufficiently exhaust administrative remedies before turning to the courts permits administrative agencies to "fully develop and consider the facts of the cause before it; it allows the agency to utilize its expertise; and it allows the aggrieved party to ultimately succeed before the agency, making judicial review unnecessary." *Id.* Accordingly, administrative remedies must be exhausted before a party can seek relief from the court. *Goral v. Dart,* 2020 IL 125085, ¶ 40.

¶ 11    Here, the City Clerk's designee denied Plaintiffs' application for a business license on November 12, 2021. Plaintiffs then appealed the Clerk's decision. Following hearings before an administrative hearing officer held on December 2, 2021, and January 21, 2022, the administrative hearing officer issued a recommendation on January 26, 2022, to the City Council to uphold the denial of Plaintiffs' business license. On March 1, 2022, Plaintiffs filed their petition for administrative review in the circuit court.

¶ 12    Plaintiffs concede that they did not appeal the administrative hearing officer's decision to the City Council, as provided for in Title XI-Chapter 110-Section 110.50 of the City's Municipal Code, which states that "[a]ny person aggrieved by the decision of the Mayor, his or her designee or City Clerk in regard to the denial of the application *** shall have the right to appeal to the City Council or its designated Committee." Section 110.50 further states that "[s]uch appeal shall be taken by filing with the City Clerk a written statement under oath specifically setting forth the grounds for appeal within ten days after notice of a denial of an application[]." Nevertheless, Plaintiffs advance several arguments to support their claim that the trial court erred in dismissing

their complaint for failure to exhaust administrative remedies. We address these arguments in the order presented in their brief.

¶ 13    Plaintiffs first argue that the City's failure to "strictly compl[y] with its own rules regarding the administrative process, invalidat[ed] the argument used to dismiss Plaintiff's [sic] complaint." We understand Plaintiffs' argument to be that their failure to strictly exhaust their administrative remedies by appealing to the City Council was excused by the City's own failures to strictly comply with its administrative procedural rules in two respects. First, Plaintiffs argue that the hearing before the administrative hearing officer on the Clerk's decision to deny Plaintiffs' business license application did not take place within 5 days, as required by Section 110.49 of the City's Municipal Code, and that this delay was the City's fault. In response, the City argues that Section 110.49 is "inapplicable" and, additionally, asks us to take judicial notice that it amended Section 110.50 effective May 8, 2018, before the hearing in this case, to lengthen the time within which a hearing must be held after the Clerk's decision to deny a business license application from 5 to 10 business days. The amended version of Section 110.50 is not included in the record, but it provides that "[a]ny person aggrieved by the decision *** in regard to the denial of the application *** of a license or permit shall have the right to appeal to the City Council or its designated committee," and that the "appeal hearing shall be held with ten business days after receipt of an appeal for the purposes of determining whether the decision of the Mayor or designee shall be upheld or overturned." Taking judicial notice of the Blue Island Municipal Code, as we may (*City of Centralia v. Garland*, 2019 IL App (5th) 180439, ¶ 10 (noting that courts "can take judicial notice of matters that are readily verifiable from sources of indisputable accuracy, such as public records")), the City did not violate its own rule by holding the hearing on the sixth business day after the Clerk denied Plaintiffs a business license. Parenthetically, we also agree with the City

that Section 110.49 is inapplicable here; its title is "Hearing Procedures on Violations," and it provides for a hearing within 5 business days only on "whether or not the license or permit shall be revoked or remain suspended and what fines or penalties, if any, shall be imposed." Section 110.50, on the other hand, addresses, among other subjects, a hearing on the denial of a business license application, the subject matter of this dispute. Given the harmful effect that delays can have on an existing business, it is sensible that the timeline for a hearing on a business license revocation or suspension would be shorter than one for the denial of a business application.

¶ 14 Even if Plaintiffs are correct that Section 110.49 applies here, the record contains emails between the City and Plaintiffs' counsel indicating that Plaintiffs were offered a hearing date within the 5-day window but declined it and then agreed to a date after the five-day limit. On November 26, 2021, the City emailed Plaintiffs' counsel and stated, "The Code requires a hearing within five days of the appeal, which would be by Tuesday 11/30. If I do not hear back from you, I will have to set it on the 30th." Plaintiffs' counsel responded, "The 30th does not work for us and the 1st does not work for you. We are trying to see if we can do 12/2. I will confirm shortly." Plaintiffs' counsel followed up, stating, "Thursday, December 2, 2021 at 1 p.m. works for us." Thus, even if the City had not amended its Code to provide for a hearing within 10 days of the Clerk's decision to deny a business application, a fact that the City's representative was apparently unaware of, by rejecting a date within the 5-day window, and then proposing and agreeing to a date beyond the 5-day window, Plaintiffs waived any claim of error related to the hearing date.

¶ 15 To support their second claim that the City failed to follow its own rules, Plaintiffs point to the requirement in Section 110.49 that the hearing officer provide a copy of the written order "within two business days by the methods of notice contained in this section." Plaintiffs contend that the hearing took place on January 21, 2022, but the hearing officer's decision was not served

on Plaintiffs' counsel until January 26, 2022, and it was served via email instead of by one of the service methods listed in the Code. The last day of the hearing was January 21, but January 22 and 23 fell on the weekend, so the 5th business day following the hearing would have been January 25, 2022. As we explain above, however, Section 110.49 is inapplicable to this dispute because it is limited to hearings on the revocation or suspension of a business license, not the denial of an application for a business license. Therefore, the City did not violate its own rules by failing to comply with the decision timeline and service requirements of Section 110.49.

¶ 16    Moreover, even if the hearing timeline, decision timeline, and decision service methods under Section 110.49 applied here, "[w]hen a board errs by *** adopting rules and failing to observe them, the question in determining if the error was reversible is whether the error prejudiced the plaintiff and prevented him from receiving [a] fair and impartial hearing[.]" *Schinkel v. Board of Fire and Police Commission of the Village of Algonquin*, 262 Ill. App. 3d 310, 318 (1994). Plaintiffs concede that a hearing was held on the sixth business day following the Clerk's denial of their business license application, and that they received the hearing officer's decision on January 26, 2022.  They fail to argue or demonstrate that starting the hearing a day later and receiving the decision a day later by email instead of another method of service, prejudiced them in any way or prevented them from receiving a fair and impartial hearing. Therefore, the City's failure to comply with the timing and service requirements of Section 110.49, if even they did apply here, was harmless.

¶ 17    Finally, even if the City violated its administrative procedural rules in any respect, Plaintiffs do not cite any case to support their contention that such a violation somehow excuses their failure to exhaust all administrative remedies available to them before filing their petition for review with the circuit court. Because any failure by the City to strictly comply with its

administrative procedural rules had no bearing on the Plaintiffs' failure to sufficiently exhaust all of their administrative remedies, we fail to see how the Plaintiffs would be excused from satisfying the exhaustion requirement.

¶ 18     Plaintiffs next argue that appeal to the City Council under Section 110.50 is permissive, not mandatory, because it states that an aggrieved person "shall have the right to appeal to the City Council," indicating that the right to appeal is optional. We agree that exercising a right to appeal is always optional, but disagree that Plaintiffs are entitled to administrative review in the circuit court without pursuing an appeal to the City Council first. Other language in Section 110.50 confirms that further review is mandated through an appeal to the City Council in the first instance. Section 110.50 states that the order "shall not be reversed unless it is demonstrated by clear and convincing evidence that the previous ruling was invalid because it was made on unreasonable grounds or was unsupported by the evidence," and that "[t]he decision of the City Council or designated committee on such appeal shall be final." As we stated above, "[p]arties aggrieved by the action of an administrative agency *** ordinarily cannot seek review in the courts without first pursuing *all administrative remedies available to them.*" *Castaneda v. Illinois Human Rights Commission*, 132 Ill. 2d at 308 (emphasis added). Requiring parties to sufficiently exhaust administrative remedies before turning to the courts permits administrative agencies to "fully develop and consider the facts of the cause before it; it allows the agency to utilize its expertise; and it allows the aggrieved party to ultimately succeed before the agency, making judicial review unnecessary." *Id.* Accordingly, administrative remedies must be exhausted before a party can seek relief from the court. *Goral v. Dart,* 2020 IL 125085, ¶ 40. Because Plaintiffs failed to appeal to the City Council, as was their right under Section 110.50, they failed to exercise an administrative remedy that was available to them. Moreover, pursuant to the ALR, judicial review is appropriate

only when there is a final decision from an administrative agency. 735 ILCS 5/3-102 (West 2022) ("This Article III [735 ILCS 5/3-101 et seq.] shall apply to and govern every action to review judicially a final decision of any administrative agency.")

¶ 19 Plaintiffs next argue that their failure to comply with the exhaustion requirements should have been excused because "[t]he hearing officer's decision provided no further directions regarding the further steps of the appeal." However, Plaintiffs cite no law or statutory authority that requires the City to provide them with such notice, and, as the circuit court noted in its order, "the ordinance in question clearly sets out the procedure" and provides clear guidance about next steps. See *Jones v. Board of Education of City of Chicago*, 2013 IL App (1st) 122437, ¶ 22 ("it has long been the law that everyone is presumed to know the law and ignorance of the law excuses no one.")

¶ 20                                    III. CONCLUSION

¶ 21 For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 22 Affirmed.